**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**CASE NO. 17-CR-20028-SEM-EIL**

UNITED STATES OF AMERICA

    Plaintiff,

v.

KEITH HALLIBURTON,

    Defendant.

_____/

**DEFENDANT KEITH HALLIBURTON'S REPLY**
**TO GOVERNMENT RESPONSE**

The Defendant Keith Halliburton ("Mr. Halliburton"), by and through undersigned counsel respectfully responds to the Government's motion and would state the following:

1. The Government asks this Court to deny Mr. Halliburton's *Motion for a Reduction of Sentence and Compassionate Release*, primarily and in addition to other assertions based on the fact that Mr. Halliburton has not exhausted his administrative remedies.

2. Undersigned counsel would point out that Mr. Halliburton has a long history of asthma, sleep apnea and other pre-existing conditions.

3. The Court should waive the requirement of exhaustion since under the circumstances of this case, Mr. Halliburton should be released to home confinement so he can receive appropriate medical care. Undersigned counsel understands that Mr. Halliburton has not received an inhaler for his asthma for over two weeks, despite the fact that he is at high risk for contracting the virus.

4. The Court can exercise its discretion to grant compassionate release and a sentence reduction because exhaustion may be unnecessary where it would be

    futile, either because agency decision makers are biased or because the agency has already determined the issue. Second, in view of Mr. Halliburton's condition exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief. Third "exhaustion may be unnecessary where pursuing agency review would subject the defendant to undue prejudice. See *United States v Perez*, 2020 WL 1546422 (S.D. N. Y. April 1, 2020).

5. Such is the case here. Mr. Halliburton, a high-risk inmate residing at an institution with a myriad of infections would be subjected to an extremely high risk of serious medical infirmity or death if he were forced to pursue his administrative remedies considering the situation he presently faces.

For the foregoing reasons, the Defendant, Mr. Halliburton, respectfully requests this Court grant his motion for a sentence reduction and compassionate release.

Dated: May 25, 2020.

    Respectfully submitted,
    **Michael B. Cohen, Esq.**
    Michael B. Cohen, Esq.
    Florida Bar No: 210196
    Admitted to the Central District of Illinois
    6400 North Andrews Ave., Ste 505
    Fort Lauderdale, Florida 33309
    Ph (954) 928-0059
    Email: mcohenlaw@aol.com