IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-20028 |
| ) | |
| **KEITH HALLIBURTON,** ) | |
| ) | |
| Defendant. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Keith Halliburton's Motion to Reduce Sentence Under Title 18 U.S.C. Section 3582(c)(1)(A)(i) and the COVID-19 Pandemic (d/e 73) ("Motion for Compassionate Release").  For the reasons set forth below, the motion is GRANTED.

**I. BACKGROUND**

On August 8, 2018, Defendant pled guilty to one count of possession with the intent to distribute more than 28 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Minute Entry, Aug. 8, 2018.  Based on Defendant's prior felony drug conviction, the mandatory minimum for this offense was ten years' imprisonment.  See 21 U.S.C. § 851(a)(1).  On December 14,

2018, the undersigned District Judge sentenced Defendant to the mandatory minimum term of 120 months' imprisonment, to be followed by eight years of supervised release. See Minute Entry, Dec. 14, 2018. Defendant is currently serving his sentence at FCI Forrest City Low, in Forrest City, Arkansas, and has a projected release date of January 7, 2025. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed June 11, 2020).

On May 16, 2020, Defendant's retained counsel filed the Motion for Compassionate Release now before the Court. On May 20, 2020, after receiving the PSR in this case, Defendant filed a document entitled Supplemental Facts in Support of Motion to Reduce Sentence (d/e 77) which has also been docketed as a motion. Finally, Defendant filed a Reply to the Government's Response (d/e 80), which has been docketed as a motion as well. Defendant requests compassionate release due to the COVID-19 pandemic and his underlying health issues. Defendant is 42 years old and has been diagnosed with asthma and obesity. See Mot. Compassionate Release 7-8. According to Defendant's Supplemental Facts in Support of Motion to Reduce Sentence (d/e

77), Defendant reported that he was considered disabled due to his asthma and received Social Security Supplemental income.

Defendant proposes to live with his wife and four children if he is released from custody. The United States Probation Office addressed Defendant's request for compassionate release in a Memorandum (d/e 78). In the Memorandum, the Probation Office conluded that the proposed residence is an acceptable living situation and that Defendant would have the support of his wife while transitioning back into the community. Probation's Mem. 3. The Probation Office also detailed Defendant's disciplinary history while in the custody of the Bureau of Prisons. Id. at 1-2.

On May 22, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 79). The Government argues that the Court should deny Defendant's motion for compassionate release given Defendant's criminal and disciplinary history. Resp. 13-16. The Government also notes that the Bureau of Prisons (BOP) has implemented procedures designed to curb the spread of the virus in its facilities. See id. at 6-9.

On May 26, 2020, the Court held a video conference hearing on Defendant's amended motion. As of May 26, 2020, BOP

reported that FCI Forrest City Low had 362 confirmed inmate cases of COVID-19 and one confirmed staff member case. See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/ (accessed May 26, 2020). At that hearing, the Court learned that Defendant had tested positive for COVID-19 and was placed in isolation and therefore was unable to be present for the hearing. See Minute Entry, May 26, 2020. The hearing was continued to June 1, 2020. On that date, the Court questioned Defendant's counselor at FCI Forrest City Low, directed the Government to file additional information concerning the level of treatment Defendant was receiving at the facility, and continued the hearing to June 11, 2020. See Minute Entry, June 1, 2020. On June 3, 2020, the Government filed a Summary of Defendant's Medical Care at FCI Forrest City (d/e 83) as directed by the Court.

At the hearing on June 11, 2020, the Court heard arguments from counsel and testimony from Defendant's counselor. As of June 11, 2020, BOP reports that FCI Forrest City Low has 522 confirmed inmate cases of COVID-19 and one confirmed staff member case. See Federal Bureau of Prisons – COVID-19 Cases,

https://www.bop.gov/coronavirus/ (last accessed June 11, 2020).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting thirty days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of

> Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Defendant submitted a request for compassionate release to the Warden of FCI Forrest City Low on April 16, 2020. Mot. for Compassionate Release, Ex. A. In a letter to Defendant's counsel dated on May 1, 2020, and signed on May 4, 2020, the Warden of FCI Forrest City Low denied Defendant's request for compassionate release. See Notice of Filing, d/e 76. Because more than 30 days have passed since Defendant submitted his request for compassionate release to the Warden of FCI Forrest City Low, exhaustion of administrative remedies is not an issue in this case. See 18 U.S.C. § 3582(c)(1)(A).

As Defendant's motion is properly before the Court, the next issue is whether Defendant is eligible for compassionate release. For Defendant to be eligible for compassionate release, the Court, after considering the relevant factors set forth at 18 U.S.C. § 3553(a), must determine that "extraordinary and compelling reasons" warrant a reduction in Defendant's term of imprisonment and that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

1. <u>Extraordinary and Compelling Reasons for Release</u>

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Socially distancing can be difficult for individuals living or working in a prison.

Defendant is a forty-two-year-old African American man who is five feet ten inches tall and (at the time of the preparation of the PSR) weighed 230 pounds, which is considered to be obese. <u>See</u>

PSR ¶ 53. Defendant was born with asthma and uses an inhaler to manage the condition as needed. Id. at ¶ 54. The CDC has identified asthma as a comorbidity that increases the likelihood of serious risk from COVID-19. See Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last accessed June 11, 2020) ("Patients in China with no reported underlying medical conditions had an overall case fatality of 0.9%, but case fatality was higher for patients with comorbidities: 10.5% for those with cardiovascular disease, 7.3% for diabetes, and approximately 6% each for chronic respiratory disease, hypertension, and cancer."); Scparta, 2020 WL 1910481, *9.

The Court begins with the factors set out in 18 U.S.C. § 3553(a). Defendant is currently serving a 120-month term of imprisonment for this offense. Defendant has been incarcerated since his arrest for this offense on March 11, 2016. According to BOP records, Defendant is scheduled to be released on January 7, 2025. While in the custody of BOP, Defendant has only been

disciplined twice, with the most recent violation—for possessing a hazardous tool (in this case, a cell phone)—occurring well over a year ago. See Probation's Mem. 1.

Defendant sets forth a reentry plan which provides for him to self-isolate after his release. See Mot. Compassionate Release 1. Defendant's wife will bear all personal and medical expenses for Defendant until he is able to secure employment. See id. In a letter to the Court, Defendant's wife reiterates the measures she will take to ensure that Defendant can self-isolate upon his release, going so far as to vacate the family home with her children for up to a month. See Dara Halliburton letter dated May 26, 2020, d/e 81. Defendant's sister-in-law, a certified nursing assistant, has also sent a letter to the Court, through Defendant's counsel, stating that she will transport Defendant from FCI Forrest City Low to Decatur in a three-row vehicle utilizing the proper personal protective equipment, including gloves and a mask. See Donntrisa Jones letter dated May 26, 2020, d/e 81. Mrs. Halliburton has arranged for a "virtual nurse" and an on-call doctor to care for Defendant while he self-isolates. Dara Halliburton letter, d/e 81. Mrs. Halliburton also notes that Defendant may be able to obtain

employment at a barber college upon completion of a course of study. Id. The Court has considered the factors in § 3553(a) and concludes that they entitle Defendant to compassionate release.

2. Sentencing Commission Policy Statements

The relevant policy statement, § 1B1.13 of the Sentencing Guidelines, explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that "(1)(A) extraordinary and compelling reasons warrant the reduction; . . . (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13 (2018).

The commentary to § 1B1.13 provides certain circumstances constituting "extraordinary and compelling reasons" that warrant a sentence reduction.[1] U.S.S.G. § 1B1.13 cmt. n.1. One of the

---

[1] The Court notes that § 1B1.13 of the Sentencing Guidelines has not been amended to reflect all of the additional language added to 18 U.S.C. § 3582(c)(1)(A). As it stands, § 1B1.13 only refers to a reduction "upon the motion of the Director of the Bureau of Prisoners," which is not the situation here. No sentencing policy provides guidance for when a defendant files a motion. Nevertheless, the Court still considers § 1B1.13.

circumstances is where a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).  Another circumstance is where "an extraordinary and compelling reason other than, or in combination with," the listed circumstances is present. U.S.S.G. § 1B1.13 cmt. n.1(D).  As discussed above, in this case, Defendant has serious underlying physical and medical conditions which are present in combination with the extraordinary and compelling reason presented by the COVID-19 pandemic.

In this case, Defendant has contracted COVID-19.  On Friday, April 24, 2020, the World Health Organization (WHO) issued a scientific brief saying that the public belief that a one-time infection leads to immunity remains unproven and is unreliable as a basis for response to the pandemic.  See WHO, "Immunity Passports" in the Context of COVID-19, https://www.who.int/news-room/commentaries/detail/immunity-passports-in-the-context-of-covid-19 (last accessed June 11, 2020).  Specifically, the WHO says that "[t]here is currently no evidence that people who have

recovered from COVID-19 and have antibodies are protected from a second infection." Id.  Given the increase in confirmed cases of COVID-19 at FCI Forrest City Low from the time of the first hearing on Defendant's motion to today, and based on the currently available scientific data, Defendant continues to be at risk of imminent harm based on his underlying medical conditions.

In addition to the very real risk of relapse or reinfection, Defendant also may suffer side effects from COVID-19.  The available science and preliminary evidence, as well as historical research on other coronaviruses like severe acute respiratory syndrome (SARS) and Middle East respiratory syndrome (MERS), suggests that for some people affected by COVID-19, a full recovery may not happen for years, if at all.  See, e.g., Madjid et al., Potential Effects of Coronaviruses on the Cardiovascular System: A Review, available at https://jamanetwork.com/journals/jamacardiology/fullarticle/2763846?guestAccessKey=150724fb-8146-4fc2-a60c-b78955728d41&utm_source=For_The_Media&utm_medium=referral&utm_campaign=ftm_links&utm_content=tfl&utm_term=032720 (suggesting that COVID-19 may cause lingering cardiac damage, as

well as making existing cardiovascular problems worse, further increasing the risk for heart attack and stroke).  Other studies from China indicate that permanent lung damage can be found in anywhere from 77 to 95 percent of COVID-19 survivors.  Wang et al., Temporal Changes of CT Findings in 90 Patients with COVID-19 Pneumonia: A Longitudinal Study, available at https://pubs.rsna.org/doi/full/10.1148/radiol.2020200843.  For someone like Defendant, who has been diagnosed with asthma severe enough to warrant a finding of disability by the Social Security Administration, the possibility of reinfection presents a very real and immediate danger.

The Court also considers whether Defendant is a danger to the safety of any other person or to the community.  See U.S.S.G. § 1B1.13.  If Defendant quarantines himself at his residence and practices social distancing, that will diminish the risk of spreading the virus.  Otherwise, the Court does not find that Defendant, who is serving a sentence for a controlled substance offense, and whose prior criminal convictions are primarily related to controlled substances, poses a danger to the community.

Therefore, the Court finds that Defendant has satisfied all

requirements for compassionate release.

### III. CONCLUSION

For the reasons set forth above, Defendant Keith Halliburton's Motion for Compassionate Release (d/e 73) is GRANTED. The Court hereby reduces Defendant's term of imprisonment in this case from 120 months to time served. The Court modifies Defendant's conditions of supervised release to require Defendant to spend 6 months in home confinement, with the first 14 days to be spent in isolation. The home confinement shall start as soon as possible after his term of supervised release begins. During his term of home confinement, Defendant shall be monitored by telephone until such time as it is practicable to implement electronic monitoring. All other aspects of Defendant's sentence shall remain the same.

Defendant's Supplemental Facts in Support of Motion to Reduce Sentence (d/e 77) and Reply to the Government's Response (d/e 80), both of which have been docketed as motions, are DENIED AS MOOT.

The Bureau of Prisons is ORDERED to immediately re-test Defendant for COVID-19. The Bureau of Prisons is ORDERED to

release Defendant within 24 hours of a negative test for COVID-19. The Clerk is DIRECTED to send a copy of this Opinion to FCI Forrest City Low. Defendant must self-quarantine for a period of 14 days beginning at the time of his release, including while he travels from FCI Forrest City Low to his residence. Defendant shall travel to Decatur, Illinois, in a vehicle with three-row seating that allows him to follow the CDC's social distancing guidelines, which include staying at least six feet from others and wearing a face mask and gloves.

ENTER: June 11, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE