IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEITH HALLIBURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-cr-20028 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Keith Halliburton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 87). Petitioner has not shown that he was prejudiced by his counsel's strategic decisions during the pleading processes. Therefore, the motion is DENIED.

**I.    BACKGROUND**

On April 5, 2012, Petitioner was charged in a one-count Indictment with possession with intent to distribute (1) 28 grams or more of a substance containing cocaine base, (2) cocaine, and (3) marijuana, all in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B),

(b)(1)(C), and (b)(1)(D).  (d/e 1).  On June 20, 2017, Petitioner's trial counsel, Mr. James Todd Ringel, filed a Motion to Suppress Evidence obtained pursuant to and as a result of two anticipatory search warrants.  See Mot. to Suppress (d/e 15).  Specifically, Mr. Rigel argued that the triggering events contained in the search warrants never occurred, which would have rendered the investigatory stop of Petitioner's car and the following car search and search of packages found therein unconstitutional.  Id. at pp. 7–10.  Mr. Rigel also argued that any incriminating statements made after the investigatory stop should have been suppressed for the same reason.  Id. at p. 11.

On September 7, 2017, Mr. Rigel and the Government filed a joint stipulation of evidence rather than requiring the Court to hold an evidentiary hearing on the motion to suppress.  See Stipulation (d/e 23).  On January 10, 2018, Magistrate Judge Eric Long entered a Report and Recommendation (d/e 27) denying Petitioner's motion to suppress, holding that the anticipatory warrants sufficiently defined both the place to be searched and the persons or things to be seized in accordance with the Fourth Amendment and the Supreme Court's holding in United States v. Grubbs, 547

U.S. 90, 99 (2006). R. & R. (d/e 27) at p. 5. Further, Judge Long found that Petitioner accepted the packages described in the warrants and held that Petitioner's acceptance authorized law enforcement to execute the search warrants "at the warrant address or any premises or vehicle into which the packages were brought." Id. at p. 7.

On January 24, 2018, Mr. Rigel filed an Objection to the Report and Recommendation reasserting the argument that the conditions precedent to the anticipatory warrants were never executed. See Obj. to R. & R. (d/e 29). The Court disagreed and adopted Judge Long's Report and Recommendation on February 1, 2018. See Order Adopting R. & R. (d/e 30).

On August 8, 2018, Petitioner appeared before Judge Long and pled guilty to the charges alleged in the Indictment. Petitioner's plea was pursuant to a conditional plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), in which Petitioner preserved the right to appeal the denial of his motion to suppress. Petitioner was adjudged guilty and subsequently sentenced to 120 months' imprisonment on December 14, 2018. Petitioner exercised his right to appeal the decision on the motion to suppress, though

the appeal was denied by the Seventh Circuit as frivolous on October 23, 2019. on October 23, 2019. See <u>United States v. Halliburton</u>, 790 Fed.Appx. 804 (7th Cir. 2019).

On June 6, 2020, the Court granted Petitioner compassionate release and reduced his sentence to time served. <u>See</u> Op. (d/e 84). Petitioner is currently serving an 8-year term of supervised release. <u>See</u> Am. J. (d/e 85). Petitioner now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## II.   LEGAL STANDARD

A person convicted of a federal crime may move to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." <u>Almonacid v. United States</u>, 476 F.3d 518, 521 (7th Cir. 2007). In considering a § 2255 motion, the Court reviews the evidence and inferences drawn therefrom in the light most favorable to the Government. <u>Carnine v. United States</u>, 974 F.3d 924, 928 (7th Cir. 1992).

One challenge a petitioner may bring against his sentence under § 2255 is to allege ineffective assistance of counsel in

violation of the Sixth Amendment. See generally Hicks v. United States, 886 F.3d 648, 650 (7th Cir. 2018). To establish ineffective assistance of counsel, a defendant's claims must pass the two-prong test set out in Strickland v. Washington, 466 U.S. 668, 694 (1984). Following the Strickland test, a petitioner must show that "his counsel's performance fell below an 'objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Weaver v. Nicholson, 892 F.3d 878, 884 (7th Cir. 2018) (quoting Strickland, 466 U.S. at 694). The Court may address either of the two prongs of the Strickland test first, for if the defendant's claims fail either, the defendant will not be entitled to relief under § 2255. See Chichakly v. United States, 926 F.2d 624, 630 (7th Cir. 1991) ("When we determine that the appellant has failed to demonstrate error on either prong of the Strickland test, we need not address the other.").

"A claim for constitutionally ineffective assistance of counsel during the plea process is governed by the Strickland standard." Minnick v. Winkleski, 15 F.4th 460, 468 (7th Cir. 2021). To show prejudice during the plea process, a petitioner "must show that

there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Brock-Miller v. United States, 887 F.3d 298, 311 (7th Cir. 2018) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Hicks v. United States, 886 F.3d 648, 650 (7th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A district court "should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). Instead, a district court should "look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

### III. ANALYSIS

Petitioner argues that he was denied effective assistance of counsel when he entered his guilty plea for three reasons: because counsel "did not put the government's case to any kind of adversarial test," Pet'r.'s Mem. (d/e 88) at p. 25, because counsel

did not argue that the traffic stop was a custodial arrest unsupported by probable cause, and because counsel stipulated, rather than argued, facts at the evidentiary hearing on the motion to suppress, id. at p. 28.  Petitioner also argues that trial counsel should have stipulated that the traffic stop was a custodial arrest without probable cause and that Petitioner was not pulled over pursuant to an investigatory stop.  Id.  Had trial counsel done so, Petitioner argues, "the Court would have granted his Motion to Suppress Evidence" and Petitioner would have been able to withdraw his guilty plea and proceed to trial.  Id.

    As an initial matter, the Court finds that Mr. Rigel did put the Government's case to an adversarial test.  Mr. Rigel filed a motion to suppress on June 20, 2017 (d/e 15) in which he argued that the anticipatory search warrants were executed prematurely because the respective triggering events never occurred.  Def.'s Mot. to Suppress (d/e 15) p. 7–10.  Judge Long disagreed, issuing a Report and Recommendation (d/e 27) to deny the motion.  The Court's later adoption of Judge Long's Report and Recommendation was over the written objections of Petitioner's trial counsel.  That the Court ruled differently than how Petitioner wishes does not render

trial counsel's representation constitutionally deficient. Accordingly, the Court finds that Mr. Rigel sufficiently put the Government's case to adversarial testing.

Petitioner's other complaints center on his disagreements with Mr. Rigel's strategic decisions in opting to file a stipulation of facts in lieu of holding an evidentiary hearing as well as the arguments put forth in the motion to suppress. However, a defense counsel's strategic decisions are "not subject to Monday-morning quarterbacking." Atkins v. Zenk, 667 F.3d 939, 945 (7th Cir. 2012). Moreover, the reasonableness of defense counsel's conduct must be considered when viewed as a whole. Id. The Court finds that Mr. Rigel acted reasonably in choosing to argue that the search warrants were executed prematurely rather than that the traffic stop was a custodial arrest. Moreover, that the Seventh Circuit dismissed as frivolous Petitioner's appeal of the ruling on the motion to suppress shows that other arguments put forward would not have changed the outcome. When viewed as a whole, counsel's strategic decisions on his best arguments do not rise to the level of unreasonableness so as to undermine confidence in the outcome. Hicks, 886 F.3d at 650. Therefore, Petitioner has not shown that

he suffered such prejudice from counsel's performance as to render counsel's assistance constitutionally ineffective. Because Petitioner does not meet the prejudice prong of the Strickland test, the Court need not address the objectiveness prong. See Chichakly, 926 F.2d at 630 ("When we determine that the appellant has failed to demonstrate error on either prong of the Strickland test, we need not address the other.").

## IV. CONCLUSION

Petitioner has not shown evidence that, had trial counsel performed differently, Petitioner would not have pleaded guilty and instead gone to trial. As a result, he has not shown that he was provided constitutionally deficient assistance of counsel. Therefore, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 87) is DENIED, and Petitioner's Motion for Extension of time (d/e 91) is DENIED as MOOT.

**ENTERED: November 4, 2021**
**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**